Rachel L. Sykes (#11778)
Pearson | Butler
1802 W. South Jordan Parkway, Suite 200
South Jordan, Utah 84095
801.495.4104
rachel@pearsonbutler.com

**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Maria Crimi Speth (012574) (pro hac vice application pending)
mcs@jaburgwilk.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SWEETALY GELATO LLC, a Utah limited liability company, | **COMPLAINT** |
| Plaintiff, | **JURY DEMANDED** |
| v. | Case No. |
| DOLCE USA LLC, a Delaware limited liability company, | Judge: |
| Defendant. | |

Plaintiff Sweetaly Gelato LLC alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for trademark infringement[1] under Section 32 of the Lanham Act, 15 U.S.C. § 1114; unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and related claims of trademark infringement and unfair competition under the common law of the State of Utah.

## PARTIES, JURISDICTION & VENUE

---

[1] This Complaint refers to the terms "trademark" and "service mark" interchangeably, and the references herein should be understood as such.

2. Plaintiff Sweetaly Gelato LLC ("Sweetaly") is a Utah corporation with its principal place of business in the State of Utah, Salt Lake County.

3. Defendant Dolce USA LLC ("Dolce USA") is a Delaware limited liability company with its principal place of business in the State of California, San Diego County.

4. This Court has jurisdiction over this action pursuant to 15 U.S.C. §§ 1119 and 1121, 28 U.S.C. §§ 1331 and 1338, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

5. The Court has personal jurisdiction over Defendant because Defendant purposefully directed its tortious conduct toward Plaintiff in this forum and Defendant operates an interactive website where consumers in this jurisdiction can and have purchased Defendant's infringing products.

6. Venue is proper in this district in that a substantial part of the events or omissions giving rise to the claim occurred in this district and/or a substantial part of property that is the subject of the action is situated in this district.

## GENERAL ALLEGATIONS
### The SWEETALY Mark

7. Sweetaly has continuously used the mark SWEETALY in commerce since September 1, 2014 for desserts.

8. Sweetaly is the owner of the valid and subsisting United States Trademark Registration No. 5,435,835 on the Principal Register of the United States Patent and Trademark Office for the mark SWEETALY, in International Class 030 in connection with gelato.

9. Attached as **Exhibit A** is a true and correct copy of the registration certificate for Sweetaly's United States Registration No. 5,435,835, issued by the United States Patent and Trademark Office on April 3, 2018, which priority date was retroactive to its filing on March 8, 2016.

10. Since it first began using its mark in commerce, Sweetaly has expanded its operations to a second location.

11. Sweetaly has plans to continue expanding across Utah and throughout the United States.

12. Sweetaly ultimately intends to franchise its concept across the United States and globally.

13. As a result of its continuous and exclusive use of the SWEETALY mark to identify Sweetaly as the source of its goods, Sweetaly owns valid and subsisting statutory and common law rights to the SWEETALY mark.

14. As of February of 2016, Sweetaly's trade area and natural zone of expansion included at least the western United States.

15. Sweetaly's SWEETALY mark is distinctive to both the consuming public and in Sweetaly's trade.

16. Sweetaly has expended substantial time, money, and resources marketing, advertising, and promoting the goods sold under the SWEETALY mark.

17. The goods and services Sweetaly offers under the SWEETALY mark are of high quality and are known for such in the dessert industry.

18. As a result of Sweetaly's expenditures and efforts, the SWEETALY mark has come to signify the high quality of the goods and services designated by the SWEETALY mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Sweetaly.

### Dolce USA's Unlawful Conduct

19. Dolce USA makes and sells desserts.

20. Upon information and belief, Dolce USA began producing and selling desserts under the mark SWEETALY no earlier than February 2016.

21. When Dolce USA adopted and began using the SWEETALY mark, it knew or should have known that others had superior rights in the mark.

22. Dolce USA sells its products under the SWEETALY mark to distributors, retailers, and directly to consumers.

23. Dolce USA's website allows consumers to shop online for its products.

24. Visitors of Dolce USA's website can view its dessert offerings and purchase those products through the website.

25. Dolce USA ships its products under the mark across the United States.

26. Dolce USA has shipped its products under the mark into the State of Utah and into neighboring States.

27. Dolce USA's use of the SWEETALY mark is likely to cause confusion with Sweetaly's use of the mark.

28. Dolce USA's use of the SWEETALY mark has caused multiple instance of actual confusion.

29. On March 12, 2019, Sweetaly sent a cease and desist letter to Dolce USA, demanding that Dolce USA stop its infringing use of the SWEETALY mark.

30. Dolce USA has refused to cease its use of the SWEETALY mark.

## COUNT ONE
### (Trademark Infringement – 15 U.S.C. § 1114)

31. Sweetaly realleges all other allegations in this Complaint.

32. Sweetaly is the owner of a federal trademark registration for the mark SWEETALY.

33. Dolce USA adopted the identical mark SWEETALY after Sweetaly began using SWEETALY.

34. Dolce USA's unauthorized use in commerce of the SWEETALY mark is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Dolce USA's offerings, and is likely to cause consumers to believe, contrary to fact, that Dolce USA's offerings are sold, authorized, endorsed, or sponsored by Sweetaly, or that Dolce USA is in some way affiliated with or sponsored by Sweetaly.

35. Alternatively, Dolce USA's unauthorized use in commerce of the SWEETALY mark is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Sweetaly's offerings, and is likely to cause consumers to believe, contrary to

fact, that Sweetaly's offerings are sold, authorized, endorsed, or sponsored by Dolce USA, or that Sweetaly is in some way affiliated with or sponsored by Dolce USA.

36. Dolce USA's conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37. Dolce USA committed the foregoing acts of infringement with full knowledge of Sweetaly's prior rights in the SWEETALY mark.

38. Dolce USA committed the foregoing acts of infringement with willful intent to cause confusion and trade on Sweetaly's goodwill.

39. Dolce USA's conduct is causing immediate and irreparable harm and injury to Sweetaly, and to its goodwill and reputation, and will continue to both damage Sweetaly and confuse the public unless enjoined by this Court. Sweetaly has no adequate remedy at law.

40. Sweetaly is entitled to, among other relief, injunctive relief and an award of actual damages, Dolce USA's profits, enhanced damages and profits, reasonable attorney fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO
### (Unfair Competition and False Designation of Origin – 15 U.S.C. § 1125(a))

41. Sweetaly realleges all other allegations in this Complaint.

42. Dolce USA's unauthorized use in commerce of the SWEETALY mark is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Dolce USA's offerings, and is likely to cause consumers to believe, contrary to fact, that Dolce USA's offerings are sold, authorized, endorsed, or sponsored by Sweetaly, or that Dolce USA is in some way affiliated with or sponsored by Sweetaly.

43. Alternatively, Dolce USA's unauthorized use in commerce of the SWEETALY mark is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Sweetaly's offerings, and is likely to cause consumers to believe, contrary to

fact, that Sweetaly's offerings are sold, authorized, endorsed, or sponsored by Dolce USA, or that Sweetaly is in some way affiliated with or sponsored by Dolce USA.

44. Dolce USA's unauthorized use in commerce of the SWEETALY mark constitutes use of a false designation of origin and misleading description and representation of fact.

45. Dolce USA's conduct is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Dolce USA with Sweetaly.

46. Dolce USA's conduct constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Dolce USA's conduct is causing immediate and irreparable harm and injury to Sweetaly, and to its goodwill and reputation, and will continue to both damage Sweetaly and confuse the public unless enjoined by this court. Sweetaly has no adequate remedy at law.

48. Sweetaly is entitled to, among other relief, injunctive relief and an award of actual damages, Dolce USA's profits, enhanced damages and profits, reasonable attorney fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT THREE
**(Common Law Trademark Infringement and Unfair Competition)**

49. Sweetaly realleges all other allegations in this Complaint.

50. Dolce USA's conduct violates Sweetaly's common law trademark rights and constitutes unfair competition.

51. The public recognizes Sweetaly as the source of product containing the SWEETALY mark.

52. Dolce USA's actions are likely to cause confusion, or mistake, or to deceive as to Dolce USA's affiliation, connection, or association with Sweetaly, or as to the origin, sponsorship, or approval of its commercial activities.

53. Alternatively, Dolce USA's actions are likely to cause confusion, or mistake, or to deceive as to Sweetaly's affiliation, connection, or association with Dolce USA, or as to the origin, sponsorship, or approval of its commercial activities

54. Dolce USA committed these acts maliciously and in conscious disregard of Sweetaly's rights.

WHEREFORE Plaintiff Sweetaly Gelato LLC requests entry of judgment against Defendant Dolce USA LLC as follows:

  A. For declaratory relief finding that Defendant's activities complained of herein are unlawful under federal and state law;

  B. For an award of actual damages to compensate Sweetaly for its losses, damage to its business reputation, and/or lost sales and profits caused by Defendant's unlawful conduct;

  C. For an award in an amount equal to Defendant's profits attributable to its unlawful conduct;

  D. For an award of punitive damages in an amount appropriate to punish Defendant for its intentional and/or reckless disregard of Sweetaly's rights, and to deter Defendant and others from engaging in such misconduct in the future;

  E. For an award of attorney fees and costs pursuant to 15 U.S.C. § 1117, and as otherwise provided by law;

  F. For an award of pre- and post-judgment interest on any ultimate award to the maximum amount permitted by law;

  G. For preliminary and permanent injunctive relief ordering Defendant and its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and any and all persons or entities in active concert with them, to:

    i) Immediately cease and desist from engaging in any further acts of trademark infringement and unfair competition including, without limitation, offering, marketing, advertising, promoting, or authorizing any third party to offer, market, advertise, or promote any goods or services bearing the SWEETALY mark or any other

mark that is a confusingly similar variation or colorable imitation of Sweetaly's SWEETALY mark;

    ii) Immediately cease and desist from making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's offerings are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Sweetaly or (ii) Sweetaly's offerings are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant.

    iii) Refrain from registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark SWEETALY or any other mark that infringes or is likely to be confused with Sweetaly's SWEETALY mark, or any goods or services of Sweetaly, or Sweetaly as their source;

    iv) Immediately cease and desist from assisting, aiding, or abetting any third person or entity in doing any act prohibited by the above-referenced subparagraphs.

    H.    For such other and further relief as is proper and just.

## JURY TRIAL DEMAND

Plaintiff Sweetaly Gelato LLC hereby demands a trial by jury pursuant to Rule 38, Fed. R. Civ. P.

/ / /

DATED this 4th day of December, 2019.

**PEARSON BUTLER, PLLC**

*/s/Rachel L. Sykes*
Rachel L. Sykes

*Attorneys for Plaintiff*