Robert E. Aycock (8878)
William B. Chadwick (16416)
PIA ANDERSON MOSS HOYT, LLC
136 E. South Temple, Suite 1900
Salt Lake City, Utah 84111
(801) 350-9000
raycock@pamhlaw.com
wchadwick@pamhlaw.com

Craig L. Combs (admitted *pro hac vice*)
WASSERMAN KORNHEISER COMBS LLP
7955 Ratheon Road
San Diego, CA 92111
(858) 505-9500
ccombs@wk4law.com

*Attorneys for Defendant and
Counterclaim-Plaintiff Dolce USA LLC*

**UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| SWEETALY GELATO LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DOLCE USA LLC, a Delaware limited Liability company,<br><br>Defendant. | **DEFENDANT'S ANSWER AND COUNTERCLAIM**<br><br>Case No. 2:19-cv-00960<br><br>Judge Jill N. Parrish |

Defendant Dolce USA, LLC ("***Dolce***") hereby answers the allegations set forth in the Complaint and asserts its affirmative defenses. Dolce denies each allegation in the Complaint unless expressly admitted.

1

## PRELIMINARY STATEMENT

1. Admitted.

## PARTIES, JURISDICTION & VENUE

2. Dolce is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore, denies the same.

3. Admitted.

4. Admitted.

5. Dolce admits that it is subject to this Court's jurisdiction and operates a website. Dolce denies the remaining allegations of paragraph 5 of the Complaint.

6. Admitted.

## GENERAL ALLEGATIONS

7. Denied.

8. Admitted that Gelato is listed as the owner of United States trademark Registration No. 5,435,835 on the Principal Register of the USPTO. Dolce denies that the mark is valid.

9. Dolce is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore, denies the same.

10. Dolce is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and therefore, denies the same.

11. Dolce is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and therefore, denies the same.

12. Dolce is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore, denies the same.

13. Denied.

14. Denied.

15. Denied.

16. Dolce is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and therefore, denies the same.

17. Denied.

18. Denied.

## Dolce's Alleged Conduct

19. Admitted.

20. Denied.

21. Denied.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Dolce admits that it was shipped products to Wyoming but denies that it has shipped products to Utah.

27. Denied.

28. Denied.

29. Admitted.

30. Admitted.

## COUNT ONE
### (Trademark Infringement – 15 U.S.C. § 1114)

31. Dolce incorporates by reference the foregoing paragraphs as though fully set forth herein.

32. Admitted that Sweetaly Gelato, LLC dba Sweetaly Gelato is listed as the owner of U.S. Trademark Reg. No. 5435835.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## COUNT TWO
### (Unfair Competition and False Designation of Origin – 15 U.S.C. § 1125(a))

41. Dolce incorporates by reference the foregoing paragraphs as though fully set forth herein.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## COUNT THREE
### (Common Law Trademark Infringement and Unfair Competition)

49. Dolce incorporates by reference the foregoing paragraphs as though fully set forth herein.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

## PRAYER FOR RELIEF

Dolce denies all allegations and requests for relief listed in Gelato's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Dolce does not infringe and has not infringed, under any theory of infringement, Gelato's "SWEETALY" mark.

### SECOND AFFIRMATIVE DEFENSE

Gelato lacks any legally protected mark or other intellectual property right that the Complaint alleges to have been violated.

**THIRD AFFIRMATIVE DEFENSE**

Gelato's Complaint and each cause of action within it, fail to state a claim upon which relief can be granted.

**FOURTH AFFIRMATIVE DEFENSE**

Gelato's alleged mark "SWEETALY" has not acquired any secondary meaning associated with Gelato and does not function as a trademark for Gelato.

**FIFTH AFFIRMATIVE DEFENSE**

Gelato's claims are barred because Gelato's alleged "SWEETALY" mark is invalid and unenforceable.

**SIXTH AFFIRMATIVE DEFENSE**

Gelato's attempted enforcement of the alleged "SWEETALY" mark against Dolce is barred by laches, estoppel, waiver, acquiescence and res judicata.

**SEVENTH AFFIRMATIVE DEFENSE**

Gelato's claim for injunctive relief is barred because there exists an adequate remedy at law and Gelato's claims otherwise fail to meet the requirements for such relief.

**EIGHTH AFFIRMATIVE DEFENSE**

Some or all of Gelato's asserted claims are barred because there is no damage which stems directly or indirectly from any conduct complained of in the Complaint and/or because of Gelato's failure to mitigate damages (should any damages exist).

**NINTH AFFIRMATIVE DEFENSE**

Some or all of Gelato's asserted claims are barred because of Plaintiff's own bad faith, unlawful actions, unclean hands, and/or unjust enrichment.

## TENTH AFFIRMATIVE DEFENSE

Gelato's claims are barred because Gelato has not used the name "Sweetaly" in regions of the United States or its use has been *de minimis* in those regions, and Dolce has senior rights in the mark in those regions.

## RESERVATION OF DEFENSES

Dolce hereby reserves its right to add any further affirmative defenses that may come to fruition as a result of discovery.

## DOLCE USA, LLC'S COUNTERCLAIMS

Dolce USA, LLC ("***Dolce***") hereby sues and asserts the following Counterclaims against Sweetaly Gelato, LLC ("***Gelato***"):

## THE PARTIES

1. Counterclaim Plaintiff Dolce is a Delaware limited liability company with its principal place of business in San Diego County within the State of California.

2. Upon information and belief, Counterclaim Defendant Gelato is a Utah Corporation with its principal place of business in Salt Lake County within State of Utah.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under the federal Lanham Act relating to trademarks (15 U.S.C. § 1051 et seq.) This action includes requests for declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper in this district under 28 U.S.C. § 1391 and because Gelato has submitted to venue in this Court by reason of the filing of its Complaint.

5. Gelato has submitted to the personal jurisdiction of this Court by virtue of filing its Complaint with this Court.

### ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

6. Since March 2016, Dolce has continuously used the mark SWEETALY in its advertisement and sales in connection with its frozen desserts in numerous states across the country, but not in Utah.

7. On March 24, 2015, Dolce filed an intent-to-use trademark application (Serial No. 86574378) for SWEETALY in connection with bakery desserts; dessert mousse; dessert pudding; dessert souffles; and ice cream desserts.

8. Dolce's intent-to-use application was eventually abandoned because a previously filed application caused a §2(d) rejection.

9. In February 2016, Gelato had not registered or applied for a federal trademark for SWEETALY.

10. During the prosecution of Gelato's SWEETALY application, the previously filed application that caused a §2(d) rejection to Dolce's intent-to-use application was abandoned.

11. Gelato's use of the word "Sweetaly" has been *de minimis* or non-existent in all states outside of Utah. In the remaining states, Dolce has prior rights through filing its intent-to-use application in March of 2015 and through its sales of SWEETALY desserts across the country since March of 2016.

12. During Gelato's prosecution of the SWEETALY mark, it failed to provide an adequate specimen evidencing its use of "Sweetaly" in commerce in connection with gelato. On June 27, 2016, the USPTO issued a rejection based on this ground, among other things.

13. Gelato did not submit a substitute specimen or otherwise overcome this rejection.

14. Dolce's and Gelato's goods are not marketed or sold to the same customers and do not compete in the same marketplace.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement)

15. Dolce re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

16. There is an actual case or controversy within the meaning of 28 U.S.C. § 2201 between Gelato and Dolce regarding alleged infringement of the mark SWEETALY.

17. Because Dolce's and Gelato's goods are not marketed or sold to the same customers and do not compete in the same marketplace, there is no likelihood of confusion.

18. Gelato's use of the word "Sweetaly" has been *de minimis* or non-existent in all states outside of Utah. In the remaining states, Dolce has prior rights through filing its intent-to-use application in March of 2015 and through its sales of SWEETALY desserts across the country since March of 2016.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of Gelato's "SWEETALY" Mark)

19. Dolce re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

20. Dolce seeks a declaration that Gelato's purported rights in and to the asserted "SWEETALY" mark are invalid and unenforceable.

21. Gelato failed to comply with the statutory and regulatory requirements to obtain a federally registered trademark in SWEETALY by failing to provide evidence of use in commerce of "Sweetaly" in connection with gelato and/or by failing to overcome rejections during the prosecution of the SWEETALY application.

22.     Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, the district court may determine the right to registration of a trademark, among other things, in any action involving a federally registered trademark.

## PRAYER FOR RELIEF

WHEREFORE, Dolce respectfully prays for judgment against Gelato as follows:

a.  That the Complaint and every purported claim for relief be dismissed with prejudice;

b.  That all of Gelato's request for damages, costs, attorneys' fees, injunction, and any other form of relief be denied in their entirety;

c.  That judgment be entered declaring that Dolce is not infringing and has not infringed any trademark rights of Gelato in the mark SWEETALY;

d.  That judgment be entered declaring that Gelato's rights in the SWEETALY mark are invalid and unenforceable;

e.  That the Court award Dolce its reasonably attorney's fees, including, but not limited to, those available under 15 U.S.C. § 1117;

f.  That the Court award Dolce its costs incurred in connection with defending this action; and

g.  For such other further relief as the Court deems appropriate.

## JURY DEMAND

Dolce hereby demands a trial by jury on all issues properly triable to a jury.

DATED: April 6, 2020

                                      PIA ANDERSON MOSS HOYT

                                      */s/ Robert E. Aycock*
                                      Robert E. Aycock
                                      William B. Chadwick
                                      136 E. South Temple, Suite 1900

Salt Lake City, Utah 84111
(801) 350-9000
raycock@pamhlaw.com
wchadwick@pamhlaw.com

Craig L. Combs (admitted *pro hac vice*)
WASSERMAN KORNHEISER COMBS LLP
7955 Ratheon Road
San Diego, CA 92111
(858) 505-9500
ccombs@wk4law.com

*Attorneys for Defendant and Counterclaim-Plaintiff Dolce USA LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2020, I caused a true and correct copy of the foregoing **DEFENDANT'S ANSWER AND COUNTERCLAIM** to be served electronically via the Court's e-filing system upon all counsel of record.

*/s/ Hilda Echegaray*
