Rachel L. Sykes (#11778)
Pearson Butler
1802 W. South Jordan Parkway, Suite 200
South Jordan, Utah  84095
801.495.4104
Rachel@pearsonbutler.com

Jaburg & Wilk, P.C.
3200 North Central Avenue, 20th Floor
Phoenix, Arizona 85012
602.248.1000

Maria Crimi Speth (012574) (Pro Hac Vice)
mcs@jaburgwilk.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Sweetaly Gelato, LLC, a Utah limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>Dolce USA LLC, a Delaware limited liability company,<br><br>        Defendant. | **ATTORNEY PLANNING MEETING REPORT**<br><br>Case No. 2:19-cv-00960-JNP<br><br>District Judge Jill N. Parrish |

**1.     PRELIMINARY MATTERS**:

   a.     Describe the nature of the claims and affirmative defenses:

**Plaintiff's position**: Plaintiff Sweetaly Gelato LLC ("Sweetaly") has been selling desserts under the trademark SWEETALY in interstate commerce since no later than September 1, 2014. Sweetaly owns the federal registration for the mark (U.S. Reg. No. 5,435,835) in International Class 030 in connection with gelato with an effective date of March 8, 2016. As of February 2016, Sweetaly's trade area and natural zone of expansion included at least the Western United States. Defendant Dolce USA LLC ("Dolce") adopted the identical mark SWEETALY

for its dessert business no earlier than February 2016. Dolce's use of the mark infringes Sweetaly's prior rights in the mark. Dolce has refused to stop using the infringing mark. Sweetaly asserted counts for trademark infringement, unfair competition and false designation of origin, and common law trademark infringement and unfair competition. Dolce counterclaimed for declaratory relief finding non-infringement and finding Sweetaly's mark invalid. Sweetaly contends that neither counterclaim is appropriate or supported by the evidence.

**Defendant's position**: Defendant Dolce USA LLC ("Dolce") has continuously used the mark SWEETALY to advertise and sell frozen desserts since March 2016. Dolce has used the mark SWEETALY in numerous states across the country, but not in Utah. Plaintiff's use of the mark SWEETALY has been *de minimis* or non-existent outside of Utah. In all states outside of Utah, Dolce has prior rights through filing its intent-to-use application in March 2015 and through its sales of SWEETALY desserts across the country since March 2016. Moreover, the goods of Plaintiff and Dolce are not marketed or sold to the same customers and do not compete in the same marketplaces, so there is no likelihood or evidence of confusion. Plaintiff's SWEETALY registration is also invalid. Plaintiff failed to comply with the statutory and regulatory requirements to obtain a federally registered trademark in SWEETALY by failing to provide evidence of use in commerce of "Sweetaly" in connection with the associated goods and/or by failing to overcome rejections during the prosecution of the SWEETALY application.

    b.    This case is   \_\_\_\_\_ not referred to a magistrate judge

                  X  referred to magistrate judge *Dustin B. Pead*

                       X under 636(b)(1)(A)

                       _____under 636(b)(1)(B)

            \_\_\_\_\_ assigned to a magistrate judge under General Order 07-001 and

                \_\_\_\_ all parties consent to the assignment for all proceedings or

                \_\_\_\_ one or more parties request reassignment to a district judge

    c.    Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on June 18, 2020 (*specify date)* telephonically (*specify location)*.

        The following attended:

2

      Maria Crimi Speth, counsel for Plaintiff and

      Robert Aycock and William Chadwick *name of attorney,*

      counsel for Defendant.

  d. The parties will exchange by 06/26/2020 the initial disclosures required by Rule 26(a)(1).

  e. Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) email transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived.

**2. DISCOVERY PLAN**: The parties jointly propose to the court the following discovery plan: *Use separate paragraphs or subparagraphs as necessary **if the parties disagree.***

  a. Discovery is necessary on the following subjects: *Briefly describe the subject areas in which discovery will be needed.*

The parties anticipate discovery will be required in the following subject areas:

- Discovery related to the date each party first used the SWEETALY mark in interstate commerce.
- Discovery related to Defendant's knowledge of others' rights in the SWEETALY mark prior to its adoption of the identical mark.
- Discovery related to the scope and timing of each party's trade area.
- Plaintiff's use of the SWEETALY mark outside of Utah.
- Plaintiff's use, plans, and evidence of expansion or potential expansion outside of the state of Utah.
- Plaintiff's prosecution of the SWEETALY application.

  b. Discovery Phases
*Specify whether discovery will (i) be conducted in phases, or (ii) be limited to or focused on particular issues. If (ii), specify those issues and whether discovery will be accelerated with regard to any of them and the date(s) on which such early discovery will be completed.*

The parties do not believe this case is appropriate for phased or limited discovery.

  c. Designate the discovery methods to be used and the limitations to be imposed.

    (1) *For oral exam depositions, (i) specify the maximum number for the plaintiff(s) and the defendant(s), and (ii) indicate the maximum number of hours unless extended by agreement of the parties.*

3

        Oral Exam Depositions

        Plaintiff(s): 5

        Defendant(s): 5

        Maximum number of hours per deposition 7

    (2)  *For interrogatories, requests for admissions, and requests for production of documents, specify the maximum number that will be served on any party by any other party.*

        Interrogatories 25

        Admissions 30; unlimited requests for authentication.

        Requests for production of documents 30

    (3)  Other discovery methods: *Specify any other methods that will be used and any limitations to which all parties agree.*

        The Parties expect to issue one or more subpoenas *duces tecum* to third parties related to the claims and defenses in this action. The Parties do not believe a limit on the number of subpoenas will be necessary or helpful in this matter.

d.  Discovery of electronically stored information should be handled as follows: *Brief description of parties' agreement.*

The parties agree to produce ESI as follows:

- Produce native files for spreadsheets;
- Produce each document as a searchable multi-page PDF file;
- For emails, include attachments in the same pdf as the email to which it is attached;
- Scanned documents and any related data files should be OCR; provided on CD, DVD, or external drives depending on total data size or if a hosting solution is selected, uploaded to the hosted website.

e.  The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: *Brief description of provisions of proposed order.*

The parties will deal with claims of privilege and protection as a particular issue arises.

f.  Last day to file written discovery 11/06/2020

g.  Close of fact discovery   02/05/2021

h.  *(optional)* Final date for supplementation of disclosures under Rule 26(a)(3) and of discovery under Rule 26(e)  *N/A*

3. **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

   a. The cutoff dates for filing a motion to amend pleadings are:

   Plaintiff(s) 06/19/2020     Defendant(s) 06/19/2020

   b. The cutoff dates for filing a motion to join additional parties are:

   Plaintiff(s) 06/19/2020     Defendants(s) 06/19/2020

   *(NOTE:  Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed. R. Civ. P. 15(a))*.

4. **EXPERT REPORTS**:

   a. The parties will disclose the subject matter and identity of their experts on (*specify dates):*

   Party(ies) bearing burden of proof    02/19/2021

   Counter Disclosures    03/19/2021

   b. Reports from experts under Rule 26(a)(2) will be submitted on (*specify dates):*

   Party(ies) bearing burden of proof   04/09/2021

   Counter Reports    05/07/2021

5. **OTHER DEADLINES**:

   a. Expert Discovery cutoff:   6/04/2021

   b. Deadline for filing dispositive[1] or potentially dispositive motions including motions to exclude experts where expert testimony is required to prove the case. 06/18/2021

   c. Deadline for filing partial or complete motions to exclude expert testimony 07/02/2021

6. **ADR/SETTLEMENT**:

   *Use separate paragraphs/subparagraphs as necessary if the parties disagree.*

   a. The potential for resolution before trial is:   ___ good   _X_ fair   ____ poor

   b. The parties intend to file a motion to participate in the Court's alternative dispute resolution program for:    settlement conference (with magistrate judge): _____  arbitration: _____    mediation: _____ N/A

---

[1] Dispositive motions, if granted, resolve a claim or defense in the case; nondispositive motions, if granted, affect the case but do not resolve a claim or defense.

5

      c.      The parties intend to engage in private alternative dispute resolution for:

              arbitration: _____    mediation: __x____

d.    The parties will re-evaluate the case for settlement/ADR resolution on (*specify date*): 10/16/2020

**7.**    **TRIAL AND PREPARATION FOR TRIAL:**

      a.    The parties should have _____ days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3) (if different than the 14 days provided by Rule). N/A

      b.    This case should be ready for trial by: *specify date*   09/20/2021

           *Specify type of trial*:  Jury __x__   Bench_____

      c.    The estimated length of the trial is: *specify days* 5-6 days

/s/Maria Crimi Speth                              Date: 06/19/2020
Signature and typed name of Plaintiff(s) Attorney

/s/Robert Aycock                                    Date: 06/19/2020
Signature and typed name of Defendant(s) Attorney

## NOTICE TO COUNSEL

Instructions to file the Attorney Planning Meeting Report can be found on the court's Civil Scheduling webpage.